■ LENA MASTERSON, Individually and as Administratrix of the Estate of FLOYD M. MASTERSON, Deceased, et al., Plaintiffs, v P & H HARNISCHFEGER CORPORATION et al., Defendants. HARNISCHFEGER CORPORATION, Third-Party Plaintiff-Respondent, v LIEBHERR (IRELAND) LTD., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Order, Supreme Court, New York County, entered on November 26, 1974, denying third-party defendant, Liebherr Ltds.'s motion to dismiss the third-party complaint for lack of jurisdiction, affirmed, without costs and without disbursements and without prejudice to renewal of the application upon completion of disclosure proceedings, as provided for herein. We do not disagree with the sentiments expressed in the dissent, insofar as they are based on the facts in the record presently before the court. However, the majority would afford to third-party plaintiff, Harnischfeger Corporation, the right to disclosure proceedings limited to those facts bearing upon jurisdiction, including whether or not appellant is insured by a New York carrier or carriers. (CPLR 3211, subd. [d]; see, also, *Seider v Roth*, 17 NY2d 111.) Concur—Stevens, J. P., Kupferman, Lupiano and Capozzoli, JJ.; Lane, J., dissents in the following

memorandum: Lena Masterson, individually and as administratrix of her husband, Floyd M. Masterson, sued defendants, P & H Harnischfeger Corp. (P & H), Bell-Liebherr Corporation (B-L), Bell Equipment Corporation (Bell), and Liebherr (Ireland) Ltd. (Liebherr), claiming damages for the wrongful death of her husband who died in 1967 while operating a tower crane owned by the third-party defendant, J. A. Jones Construction Company (Jones), and manufactured by Liebherr. P & H served a third-party summons and complaint upon Jones and Liebherr. Liebherr was never served in the main action and moved to dismiss the third-party complaint for lack of in personam jurisdiction (CPLR 3211, subd. [a], par. 8). In support of the motion to dismiss, it was noted that Liebherr manufactured cranes and crane parts in Ireland. Liebherr neither conducted nor was authorized to conduct business in New York State. While concededly Liebherr was party to a distributorship agreement with the defendant P & H which terminated in 1966, and with the defendant Bell which terminated in 1970, no control was exerted over Bell or P & H, nor did Liebherr have any money invested in Bell or P & H stock. The invoices submitted by P & H in opposition to the motion indicate clearly that sales of cranes were made to P & H, f.o.b. Dublin, and P & H then resold to New York customers. It must be further noted that all of P & H's documentation suffered from the additional defect of relating to transactions in 1963, well before the underlying claims in this 1967 wrongful death action arose. Liebherr's nexus with New York is tied in with the successive agreements with P & H and Bell, the last of which ended in 1970. It is clear, therefore, that there is no claim of any direct transaction of business by Liebherr in New York in connection with this lawsuit, and therefore jurisdiction cannot be spelled out under the authority of CPLR 302 (subd. [a], par. 1). (Cf. *Longines-Wittnauer Watch Co. v Barnes & Reinecke,* 15 NY2d 443, 450–452; *Parke-Bernet Galleries v Franklyn,* 26 NY2d 13, 16.) Jurisdiction over Liebherr can therefore be obtained only by a showing of its engaging in "a systematic and regular course of business" in New York as to warrant a finding of its corporate "presence" in this jurisdiction (CPLR 301; *Frummer v Hilton Hotels Int.,* 19 NY2d 533, 536; *Simonson v International Bank,* 14 NY2d 281, 285). The facts in this case demonstrate that Liebherr had no "presence" in the State and jurisdiction could therefore not be obtained. P & H and Bell, which corporations had distributorship agreements with Liebherr, were independently-owned corporations, not commonly-owned and not "controlled," in terms of limitation of sales or prior approval of prospective purchasers of Liebherr's products. It also bears reiterating that transfer of title and delivery of Liebherr's equipment was always made in Ireland, which procedure was utilized during the lifetime of both the P & H and Bell distribution contracts. The case at bar is indistinguishable from the recent decision in *Delagi v Volkswagenwerk AG of Wolfsburg, Germany* (29 NY2d 426) in which the Court of Appeals held that a distributorship agreement, absent a showing of a control so complete that there is a parent-subsidiary relationship in which the subsidiary is merely a department of the parent, is insufficient to warrant a finding of CPLR 301 jurisdiction. In a concluding comment, Judge Jasen succinctly added that "mere sales of a manufacturer's product in New York, however substantial, have never made the foreign corporation manufacturer amenable to suit in this jurisdiction" *(Delagi v Volkswagenwerk AG of Wolfsburg, Germany, supra,* p 433). Lastly, I must observe that the relief granted in this case by the majority of my brethren is improvident. Nowhere in the affidavits of P & H is there a statement that the facts available are insufficient to prove in personam jurisdiction. Their prior

quest for in rem jurisdiction via attachment of Liebherr's alleged New York insurer produced concrete evidence that the insurance did not exist. To allow P & H the right to a fishing expedition at this juncture is contrary to the teaching of *Sucrest Corp. v Fisher Governor Co.* (32 AD2d 517) in which our Appellate Division held that: "Before such a deposition may be ordered it must be shown that facts may exist which would' confer jurisdiction but that plaintiff is unable to state them as of knowledge (see Practice Commentary, CPLR 3211, subd. [d], McKinney's Cons. Laws of N. Y., Book 7B; *Smith v Aztec Resort Motel,* 21 Misc 2d 548)." Accordingly, the order of the Supreme Court, New York County, entered November 26, 1974, denying third-party defendant Liebherr's motion to dismiss for lack of in personam jurisdiction, should be reversed and the motion granted.