**H. David SEEGUL and Barbara M. Seegul, Plaintiffs,**

v.

**A.C.N.Y. AGENCY COMPANY, INC. and River Reach, Incorporated, Defendants.**

No. 75 Civ. 3622 (CHT).

United States District Court,
S. D. New York.

March 2, 1977.

Howard F. Cerny, New York City, for plaintiffs.

Gerwin, Ehrenclou, Kessler & Weingarten, New York City (Richard L. Weingarten, New York City, of counsel), for defendant River Reach, Inc.

## MEMORANDUM

TENNEY, District Judge.

The plaintiffs, H. David Seegul and Barbara M. Seegul, residents of New York

City, have brought this action against A.C. N.Y. Agency Company, Inc. ("ACNY"), a New York corporation, and River Reach, Incorporated, a not-for-profit Florida corporation. The Court's jurisdiction is alleged under the "Federal Declaratory Judgment Action Statute," 28 U.S.C. §§ 2201–02, on the basis of an alleged diversity of citizenship and of the presence of constitutional issues. *Id.* §§ 1331–32. The plaintiffs contend, *inter alia*, that the defendants violated the United States Constitution and federal statutes by withholding approval of a sale of a Florida condominium apartment to the plaintiffs by Peter S. and Catherine Mozino. Defendant River Reach, Inc. has moved pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure ("Rules") to dismiss this action as against it on the ground that this Court lacks personal jurisdiction. River Reach, Inc. also moves for a dismissal of the action pursuant to 28 U.S.C. § 1391(b) on the ground that venue is improperly laid in the Southern District of New York, or, if the motion to dismiss is denied, for a transfer of venue to the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, the defendant River Reach, Inc.'s motion to dismiss is granted, and the action is dismissed as to River Reach, Inc.

The plaintiffs allege that the defendants have unlawfully denied their application seeking approval of the transfer to them of a condominium apartment located in Fort Lauderdale, Florida. The apartment was originally acquired by the Mozinos in December 1972 from ACNY. The plaintiffs allege that they purchased the apartment on or about December 31, 1974 from the Mozinos and that they have been denied "entry and access" to the apartment by the defendants on the sole ground that they have a daughter under 16 years of age.

Defendant River Reach, Inc., the only movant herein, is a Florida corporation whose sole purpose is to operate and maintain four condominium apartment buildings, one of which contains the apartment which is the subject of this action. (Affidavit of Wm. N. Benedict, sworn to February 26, 1976, ¶¶ 4, 7). River Reach, Inc. was incorporated on January 15, 1970 under Florida law (*id.* ¶ 2), having been organized by defendant ACNY. (Affidavit of Arthur Gerwin, sworn to August 24, 1976, ¶ 4). The stock of River Reach, Inc. was issued to the individual condominium owners as part of the initial purchase of each condominium, with the understanding that River Reach, Inc. would eventually take over management and control of the condominiums' common areas. The operation of the condominiums during their construction and marketing was accomplished by another corporation, River Reach Improvement Association, Inc., also organized by ACNY. On December 16, 1974, the principals of ACNY and River Reach Improvement Association, Inc. turned over the management and control to River Reach, Inc. By that time, all of the units were sold and River Reach, Inc. was wholly owned by the individual condominium owners. *Id.* Thus, since the plaintiffs allege wrongful acts following their "purchase" of the apartment on December 31, 1974 (Complaint ¶ 6), it appears that at all times relevant to the plaintiffs' alleged cause of action, River Reach, Inc. was a Florida corporation owned solely by the condominium apartment owners and existing solely for the purpose of managing the condominiums and was not owned or controlled by defendant ACNY.

The plaintiffs contend that this Court has jurisdiction over River Reach, Inc. by virtue of New York's long-arm statute[1] since River Reach, Inc. "was at the

1. In an action founded solely on diversity jurisdiction, the federal district court must look to state law to determine issues of personal jurisdiction. *Arrowsmith v. United Press International*, 320 F.2d 219, 222–31 (2d Cir. 1963) (en banc). Whether the court must look exclusively to federal law when federal-question subject

matter jurisdiction is pleaded, however, is still an open question in this circuit. *Aquascutum of London, Inc. v. S.S. American Champion*, 426 F.2d 205, 211 n.4 (2d Cir. 1970); *Arrowsmith v. United Press International, supra*, 320 F.2d at 228 n.9. In the instant case, although the plaintiffs have alleged both diversity and

time of the initial sale [of the apartment to the Mozinos] an existing corporation whose sole purpose of existence was the activity of ACNY." (Plaintiffs' Memorandum of Law at 2). They argue that ACNY, a New York corporation, engaged in solicitation and sales of the condominiums for the sole benefit of River Reach, Inc. New York law, however, will not support a finding of jurisdiction under the circumstances of this case.

The plaintiffs appear to be asserting jurisdiction under N.Y.C.P.L.R. § 302, although they make no specific reference to that statute or to any of its component parts.[2] Section 302 will in no way support jurisdiction in this case, however. One of the basic characteristics of section 302 is that the cause of action asserted must itself arise out of the activities of the defendant upon which personal jurisdiction is based. McLaughlin, *Practice Commentaries to Section 302*, C302:2, N.Y.C.P.L.R. (McKinney 1972). The plaintiffs in this case allege that River Reach, Inc. wrongfully withheld approval of the plaintiffs' apartment purchase. This action—by a Florida corporation existing solely to manage Florida condominiums—must be characterized as having taken place in Florida.

Thus, none of the specific provisions of section 302 are applicable under these facts.

For section 302(a)(1) to apply, the cause of action must be found to have arisen out of the defendant's transaction of business in New York. The plaintiffs assert that ACNY's original solicitation of purchasers for the condominium apartments in New York, when coupled with ACNY's role in the creation of River Reach, Inc., are sufficient to confer jurisdiction over River Reach, Inc. These transactions are wholly separate from the plaintiffs' cause of action, however; ACNY's activities in New York are unrelated to River Reach, Inc.'s subsequent decision in Florida not to approve the plaintiffs' purchase of the Florida apartment. Therefore, the plaintiffs may not rely on section 302(a)(1).

The only other jurisdictional possibility within section 302 is subsection (a)(3), governing tortious acts outside the state which cause injury within the state. Even if the acts of River Reach, Inc. are found to be tortious in nature, they cannot be characterized as having caused injury within the state of New York. The plaintiffs seek to purchase an apartment in Florida. That purchase is prevented by the actions of a Florida corporation. Under such circumstances, the place of the commission of the act and the place of injury coalesce. *See Chemical Bank v. World Hockey Associa-*

federal question jurisdiction, the parties have argued the motion as if only state law were applicable. Nevertheless, there is no reason to suppose that the result in this case would be any different under a "federal" jurisdictional standard than under the New York state long-arm statute. *Cf. Aquascutum of London, Inc. v. S.S. American Champion, supra,* 426 F.2d at 211 n.4. As the Court of Appeals stated in *Aquascutum,* Section 302 of the N.Y.C.P.L.R. was designed

"to take advantage of the opportunity, afforded by *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) to assert jurisdiction over a non-resident defendant who 'has engaged in some purposeful activity in this State in connection with the matter in suit.'" *Id.* at 209 (citations omitted), *quoting Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18, 209 N.E.2d 68, *cert. denied,* 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965).

As the discussion in the text makes clear, River Reach, Inc. has not engaged in any purposeful activity in New York state. Indeed, it would seem that River Reach, Inc. itself has not engaged in *any* activities in this state, either in connection with this cause of action or otherwise. Assertion of jurisdiction over River Reach, Inc., based on its earlier relationship to ACNY as described in the text, would violate the due process standards of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny.

2. The cases cited by the plaintiffs are section 302 cases. Plaintiffs' Memorandum of Law at 3–5, *citing Galgay v. Bulletin Co., Inc.,* 504 F.2d 1062 (2d Cir. 1974) (§ 302(a)(1)); *Doumaux v. Gurney,* 363 F.Supp. 1209 (S.D.N.Y.1973) (§ 302(a)(3)); *Rocke International Corp. v. Victory Engineering Corp.,* 354 F.Supp. 499 (E.D. N.Y.1973) (§ 302(a)(1)); *Montclair Electronics, Inc. v. Electra Midland Corp.,* 326 F.Supp. 839 (S.D.N.Y.1971) (§ 302(a)(1)).

*tion*, 403 F.Supp. 1374, 1380 (S.D.N.Y.1975). Moreover, it is clearly established that

> "the injury will not necessarily be considered to take place at the residence or principal place of business of the plaintiff simply because the plaintiff experiences an economic effect of the wrongful activity at that place." *Id.*

Here the plaintiffs were injured in Florida by acts which took place solely in Florida.

Finally, the plaintiffs are unable to assert jurisdiction over River Reach, Inc. under section 301 of the New York long-arm statute. Under that section,

> "a foreign corporation is amenable to suit in [New York's] courts if it is engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a findings of its 'presence' in this jurisdiction." *Delagi v. Volkswagenwerk AG of Wolfsburg, Germany*, 29 N.Y.2d 426, 430–31, 328 N.Y.S.2d 653, 656, 278 N.E.2d 895, 896 (1972).

The relationship between ACNY and River Reach, Inc. does not satisfy the stringent standard of this section. ACNY's activities in New York, while perhaps yielding some ultimate benefit to River Reach, Inc., do not constitute a "systematic and continuous" course of doing business in New York by River Reach, Inc. The two corporate entities are, and have been at all times relevant to this action, wholly separate corporations. Neither controls the other; there is no parent-subsidiary relationship. Therefore, section 301 is inapplicable. *See id.* at 431–33, 328 N.Y.S.2d at 656–58, 278 N.E.2d 895.

For the reasons stated above, defendant River Reach, Inc.'s motion to dismiss this action as to it for lack of personal jurisdiction is granted, and the complaint is dismissed as to River Reach, Inc.

So ordered.