OPINION OF THE COURT
Bentley Kassal, J.
Defendant, Warwick & Company, Ltd. (Warwick), moves pursuant to CPLR 3211 (subd [a], pars 8, 9) for an order dismissing the complaint for lack of jurisdiction.
FACTS
Jurisdiction over Warwick, a Hong Kong corporation, is premised upon an attachment (pursuant to an ex parte order) of its bank account of approximately $74,000, maintained by defendant at the French-American Banking Corporation, a *809 New York City bank. The uncontroverted facts are that defendant’s only contact with the State of New York was the maintenance of said bank account.
Warwick is not a resident of New York, having offices only in Hong Kong, Taiwan and Korea. It is engaged in buying and exporting entirely in the Far East, is not qualified to do business in this State; has never maintained an office, mailing address, telephone listing, or other business facility in this State, has never had an employee, representative, agent, affiliate or subsidiary which engaged in business in New York, has never advertised or paid taxes here and owns no real property in New York. Furthermore, plaintiff does not contest Warwick’s claim that the attached moneys were not in any way related to the subject matter of this suit.
Plaintiff’s underlying cause of action is based upon an alleged breach of contract by Warwick. The contract, which was negotiated and performed entirely in Korea, obligated Warwick to inspect garments manufactured by two Korean corporations for the plaintiff to determine whether the garments conformed with specifications. Upon Warwick’s determination that the goods did conform, moneys were forwarded to the manufacturers against a letter of credit from plaintiff’s bank in New York. Plaintiff claims that Warwick’s inspection in Korea was faulty. The parties agree that the funds in Warwick’s attached bank account involved herein have no connection with the above contract.
ISSUE
The issue presented is whether the due process principles recently articulated in Shaffer v Heitner (433 US 186) permit the exercise of quasi in rem jurisdiction based only upon the attachment of a bank account, representing the sole contact between a foreign corporation and this State. This question has apparently not been addressed by the courts of this State since the Shaffer (supra) decision.
DECISION
Shaffer v Heitner (supra) held that the due process standard for testing the sufficiency of asserted quasi in rem jurisdiction must be the same test of “fair play and substantial justice” which governs assertions of in personam jurisdiction. (See International Shoe Co. v Washington, 326 US 310, 316.) In *810 Shaffer (supra, p 207) the Supreme Court reasoned that quasi in rem jurisdiction "is premised on recognition that '[t]he phrase, "judicial jurisdiction over a thing,” is a customary elliptical way of referring to jurisdiction over the interests of persons in a thing.’ * * * The standard for determining whether an exercise of jurisdiction over the interests of persons is consistent with the Due Process Clause is the minimum-contacts standard elucidated in International Shoe.”
Thus, the inquiry into the State’s jurisdiction over a foreign corporation, either in personam or quasi in rem, must focus upon whether there have been "such contacts * * * with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there.” (International Shoe Co. v Washington, 326 US 310, 317, supra.)
The presence of property (such as a bank account) in the State may bear upon the issue of jurisdiction in that it suggests the possible existence of other "contacts” among the forum State, the defendant, and the litigation. However, where the property serving as the basis for State court jurisdiction (i.e., defendant’s New York bank account) is completely unrelated to the plaintiff’s cause of action and there is an absence of any other ties between the defendant, the State, and the litigation, the attachment of such property will not support the State’s jurisdiction. (See Shaffer v Heitner, 433 US 186, 208-209 supra.)
As indicated above, defendant’s only contact with the State of New York is the maintenance of a bank account at the French-American Bank. In applying the International Shoe (supra) test of minimum contacts for jurisdiction, courts of this State have consistently held that the maintenance of a deposit in a local bank by a nonresident defendant, by itself, does not confer jurisdiction over the defendant. (Hastings v Piper Aircraft Corp. 274 App Div 435; Fremay, Inc. v Modern Plastic Mach. Corp., 15 AD2d 235.)
As explained by Judge Breitel in Ames v Senco Prods. (1 AD2d 658), there are policy considerations which suggest that New York, as a commercial and banking center, should not require a foreign corporation to defend an action in New York solely on the basis of a bank account maintained here. The convenience of commerce must be considered when determining whether the contacts of the defendant with the forum State are sufficient to safeguard traditional notions of "fair *811 play and substantial justice”. (International Shoe Co. v Washington, 326 US 310, 316, supra.)
While there is apparently no authority in our State courts on this issue, at least two Federal courts have recently addressed it. In Feder v Turkish Airlines (441 F Supp 1273) Judge Haight, held that the attachment of a bank account, maintained by a foreign corporation, does confer quasi in rem jurisdiction without the necessity for further contacts between the defendant and the forum State. However, the Second Circuit Court of Appeals expressed a contrary conclusion in O’Connor v Lee-Hy Paving Corp. (579 F2d 194, 198), wherein Judge Friendly stated: "If the plaintiffs in these cases had 'attached’ the debt to defendants of a debtor only transitorily in New York, as in Harris v. Balk, or even bank accounts maintained by them in New York, we would readily agree that attachment jurisdiction could not be sustained when, as here, the defendants had no other 'contacts’ with New York. In such a case, Shaffer v. Heitner clearly forbids a state from depriving a defendant of his property in the debt that is owed him unless other contacts make it fair to do so.” (Emphasis added.)
In this court’s opinion, the views expressed by Judge Friendly are more consistent with the language employed in the holding of Shaffer v Heitner (433 US 186, supra).
Finally, plaintiffs last two arguments must also be rejected. The first, that there is no other forum available, is not supported since the courts of Hong Kong and Korea can provide redress for the claims asserted. As to the second point, Warwick properly raised the defenses of lack of jurisdiction as an affirmative defense in its answer. This defense was not waived by interposing counterclaims and cross claims in the answer since no new parties were joined and all such counterclaims and cross claims asserted by this defendant arose out of the same transaction as that sued upon by the plaintiff. (Katz & Son Billiard Prods. v Correale & Sons, 26 AD2d 52, affd 20 NY2d 903.)
Accordingly, the motion is granted.