**GROVE VALVE & REGULATOR CO., INC., Plaintiff,**

v.

**IRANIAN OIL SERVICES LTD., Defendant.**

**No. 80 Civ. 2425.**

United States District Court, S. D. New York.

June 11, 1980.

Anes, Friedman, Leventhal & Rubin, New York City, for plaintiff; Charles M. Balistreri, Brooklyn, N. Y., of counsel.

· Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant; Jay G. Strum, Mark Landau, Cheryl Greenbaum, New York City, of ·counsel.

## OPINION

EDWARD WEINFELD, District Judge.

In this action on a contract, the defendant, Iranian Oil Services Ltd. ("IROS") moves (1) to dismiss the action for lack of subject matter and personal jurisdiction pursuant to Fed.R.Civ.P. 12(b); (2) to dismiss or stay the action pending arbitration pursuant to 9 U.S.C., section 201 et seq.; and (3) to vacate an ex parte order of attachment secured by the plaintiff, pursuant to New York C.P.L.R. section 6223.

The plaintiff, Grove Valve & Regulator Co., Inc. ("Grove") is a California corporation that manufactures valves for the oil industry. IROS is an English corporation, wholly-owned by another English corporation, which is in turn wholly-owned by a group of major American and European oil companies. IROS' principal place of business is in London. Its business is procuring supplies and services for the Iranian oil industry. The contract at issue was entered into either in California or Great Britain when plaintiff accepted IROS' invitation to bid. The valves were manufactured in California; they were to be installed in Iran.

This Court's jurisdiction is based upon diversity of citizenship. Accordingly,

in deciding the issue of subject matter jurisdiction, this Court must apply the law of the State of New York.[1] That state's policy prohibits the maintenance of actions between foreign corporations unless specified criteria are satisfied. Under New York law one of the criteria that permits maintenance of an action by one foreign corporation against another is if the defendant foreign corporation is "doing business" in the state.[2] Plaintiff asserts that this requirement has been satisfied based upon the fact, which defendant concedes, that defendant maintains a checking account at Citibank in New York City. Plaintiff also relies upon this fact to establish personal jurisdiction over IROS under C.P.L.R. section 301. The concept of "doing business" is the same under both B.C.L. section 1314(b)(5) and C.P.L.R. section 301.[3] No other evidential fact to support the claim of "doing business" is advanced. New York courts have consistently held, however, that the maintenance of local bank accounts does not, without more, amount to "doing business" in the state.[4] Accordingly, plaintiff has not made even a prima facie showing that IROS itself does business in New York.

Alternatively to its contention that IROS' maintenance of a checking account in New York is sufficient to find that it "does business" here, Grove argues that IROS is the alter ego of the National Iranian Oil Co. ("NIOC"); that IROS acts as the agent of NIOC; and that since NIOC "does business" in New York, IROS should be found to be "doing business" here as well. Not only is there no factual support for this argument but it is without foundation under New York law.

The New York courts have assumed jurisdiction over a foreign corporation that has either a parent or subsidiary relationship with another entity "doing business" in New York in the very limited circumstance where one corporation is so completely controlled by the other that it may be found to be "merely a department" of the latter.[5] However, the existence of a parent-subsidiary relationship or common ownership between the two corporations is a minimum prerequisite to such a finding.[6] No such relationship exists or is alleged between IROS and NIOC and consequently, jurisdiction over IROS may not be asserted on the basis of NIOC's alleged New York contacts.

1. *See Farrell v. Piedmont Aviation, Inc.*, 411 F.2d 812, 815 n.4 (2d Cir.), *cert. denied*, 396 U.S. 840, 90 S.Ct. 103, 24 L.Ed.2d 91 (1969); *Calzaturificio Guiseppe v. Dartmouth Outdoor Sports, Inc.*, 435 F.Supp. 1209 (S.D.N.Y.1977); *Baird v. Day & Zimmerman, Inc.*, 390 F.Supp. 883 (S.D.N.Y.1974), *aff'd*, 510 F.2d 968 (2d Cir. 1975); *Aerotrade, Inc. v. Banque Nationale de la Repub. D'Haiti*, 376 F.Supp. 1286, 1288 (S.D. N.Y.1974).

2. New York B.C.L. § 1314(b) (McKinney's Supp.1979) provides in pertinent part:

 [A]n action . . . against a foreign corporation may be maintained by another foreign corporation of any type or kind . . . in the following cases *only*:

 . . . . .

 (5) Where the defendant is a foreign corporation doing business or authorized to do business in this state.
 (emphasis added)

3. *See ABKCO Industries, Inc. v. Lennon*, 52 A.D.2d 435, 384 N.Y.S.2d 781, 784 (1st Dep't 1976). Grove does not claim that any section of New York's long-arm statute, C.P.L.R. § 302, is applicable to its action.

4. *See National Am. Corp. v. Federal Rep. Nigeria*, 425 F.Supp. 1365, 1369 (S.D.N.Y.1977); *Fremay, Inc. v. Modern Plastic Machinery Corp.*, 15 A.D.2d 235, 222 N.Y.S.2d 694, 700 (1st Dep't 1961); *Hastings v. Piper Aircraft Corp.*, 274 A.D. 435, 84 N.Y.S.2d 580 (1st Dep't 1948); *Majique Fashion Ltd. v. Warwick & Co.*, 96 Misc.2d 808, 409 N.Y.S.2d 581, 583 (S.Ct. 1978), *rev'd on other grounds*, 67 A.D.2d 321, 414 N.Y.S.2d 916 (1st Dep't 1979).

5. *See Delagi v. Volkswagenwerk AG*, 29 N.Y.2d 426, 328 N.Y.S.2d 653, 278 N.E.2d 895 (1972).

6. *See id.* at 433, 328 N.Y.S.2d at 657, 278 N.E.2d at 897. *See also Loria & Weinhaus, Inc. v. H. R. Kaminsky & Sons*, 80 F.R.D. 494, 500 (S.D.N.Y.1978) (common ownership is vital); *Eliah v. Ucatan Corp.*, 433 F.Supp. 309, 313 (S.D.N.Y.1977); *Seegul v. A. C. N. Y. Agency Co.*, 428 F.Supp. 886, 889 (W.D.N.Y.1977); *Masterson v. P. & H. Harnischfeger Corp.*, 47 A.D.2d 818, 365 N.Y.S.2d 856, 858 (1st Dep't 1975).

While it is possible to find jurisdiction over a principal based on the acts in New York of its agent (taking as true Grove's allegation that IROS acts as an agent of NIOC), this theory of jurisdiction is completely inapposite here where it is the alleged principal who does business in New York and the agent who does not.[7]

 In sum, plaintiff has alleged no facts sufficient to make even a prima facie showing that IROS "does business" in New York and the Court has neither the power to entertain Grove's suit under B.C.L. section 1314(b) nor personal jurisdiction over IROS.[8]

Accordingly, the defendant's motion to dismiss for lack of jurisdiction is granted and the previously entered order of attachment is vacated. The defendant's motion for damages, including reasonable attorney's fees, sustained by reason of the attachment is granted. C.P.L.R. section 6212(e).[9]

Submit order on two days' notice, together with an affidavit in support of allowance for damages and counsel fees; plaintiff may respond within two days thereafter.

---

7. *Cf. Lamar v. American Basketball Ass'n*, 468 F.Supp. 1198, 1204 (S.D.N.Y.1979).

8. Plaintiff has requested that in the event it has not made out a prima facie case it be allowed discovery to develop jurisdictional facts. While it lies in the sound discretion of the Court to permit such discovery, where, as is the case here, plaintiff has made no threshold showing that discovery might uncover a basis for jurisdiction and where one of its jurisdictional theories could under no circumstances be available, to permit discovery would not be proper. The request is denied. *See Lantz Inter. Corp. v. Industria Termo. Camp.*, 358 F.Supp. 510, 516 (E.D.Pa.1973). *Cf. Saraceno v. S. C. Johnson & Son, Inc.*, 83 F.R.D. 65, 71 (S.D.N.Y.1979).

9. Because of the Court's disposition of the motion to dismiss for lack of jurisdiction, there is no need to determine the other issues raised by the defendant.