The MANHATTAN LIFE INSURANCE COMPANY, Plaintiff,

v.

A.J. STRATTON SYNDICATE (NO. 782), as Lead Underwriter on Contract # PT4699/82 and Lloyd's London Syndicates on Contract # PT4699/82, and Burt Stratton, Defendants and Third–Party Plaintiffs,

v.

ZIMMERMAN, GREEN INCORPORATED, George G. Zimmerman & Co., Inc. and George G. Zimmerman, Third–Party Defendants and Fourth–Party Plaintiffs,

v.

Daniel FETTROLL and Joseph Hadley Limited, Fourth–Party Defendants.

No. 88 Civ. 7640 (RLC).

United States District Court, S.D. New York.

Jan. 23, 1990.

588

Strook, Strook & Lavan, New York City (Alvin K. Hellerstein, of counsel), for plaintiff.

Mound, Cotton & Wollan, New York City (Andrew Maneval, of counsel), for defendants and third-party plaintiffs.

Riker, Danzig, Scherer & Hyland, Morristown, N.J. (Gerald A. Liloia, of counsel), for third-party defendants and fourth-party plaintiffs.

Mendes & Mount, New York City (Daniel M. Bianca and John A. Catania, of counsel), for fourth-party defendants.

ROBERT L. CARTER, District Judge.

Fourth-party defendants Daniel Fettroll and Hadley Cannon (International) Limited[1] ("Hadley") (together, the "defendants")[2] move to dismiss the complaint of fourth-party plaintiffs Zimmerman, Green Incorporated, George G. Zimmerman & Co., Inc. and George G. Zimmerman (together, the "plaintiffs") for lack of personal jurisdiction.[3] The plaintiffs have invoked the court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The defendants have submitted affidavits, and the plaintiffs have submitted affidavits and a deposition transcript in support of their respective positions.

---

1. Hadley Cannon (International) Limited is the successor corporation of Joseph Hadley (Reinsurance Brokers) Limited, incorrectly named in the caption as Joseph Hadley Limited.

2. Although generally when addressing objections to jurisdiction the court should consider the position of each defendant separately, it is unnecessary to do so here given the facts and circumstances of this case.

3. Originally, Hadley also moved to quash service of process pursuant to Rule 12(b), F.R. Civ.P. Apparently, correct service now has been made upon Hadley and therefore it is unnecessary to consider this issue.

**590**

## I.

In March, 1982, Zimmerman, Green, Inc. ("Zimmerman, Green"), a New Jersey insurance brokerage firm, was retained by the Manhattan Life Insurance Company ("Manhattan Life"), a New York insurance company, for the purpose of soliciting quotes for Manhattan Life for the reinsurance of life insurance contracts for accidental death and dismemberment. Zimmerman, Green retained Hadley in London to obtain a quote from A.J. Stratton Syndicate and other underwriters at Lloyd's London Syndicates (together, the "Insurance Syndicates"), now defendants and third-party plaintiffs in this case. Fettroll negotiated the contract for Hadley and was primarily responsible for representing Zimmerman, Green.

■ After negotiations, done in large part by Zimmerman, Green and Hadley (through Fettroll), Manhattan Life and the Insurance Syndicates entered into a "losses occurring" policy for reinsurance,[4] and, subsequently, Manhattan Life sought recovery under the reinsurance contract for a $1.6 million claim. The Insurance Syndicates denied coverage on the basis that prior to the date of the reinsurance contract Manhattan Life received notice of the $1.6 million claim, and, had this been made known to them, they would not have reinsured on a losses occurring basis.

Following the Insurance Syndicates' denial of payment, Manhattan Life commenced this action. The Insurance Syndicates impleaded Zimmerman, Green and the other third-party defendants, who in turn impleaded Fettroll and Hadley.

■ When considering a claim of lack of personal jurisdiction, the critical factual issue to be determined is the degree and nature of contacts the defendants have or had with the state of New York. Defendants state in their affidavit that they are not domiciliaries of New York, maintain no office or other real property in New York,

and have no New York accounts, telephone or business listings. Defendants further state that they are not licenced to do business in New York and, with regard to the contract for reinsurance at issue, that they did not make any contract in New York, had no communications or dealings in New York, supplied no goods or services in New York, and did not forward any correspondence, mail, telexes or any other writings to anyone in New York. Defendants maintain that all services were performed in London, and that all substantial communication was between London and New Jersey.

Plaintiffs claim that in the past defendants have solicited and obtained other insurance business in New York, and have serviced such business, at times travelling to New York to do so. Specifically regarding the insurance contract at issue, they claim that Fettroll traveled to New York at least once to meet with Manhattan Life after placing the contract. Plaintiffs submit three letters produced by another party in the case which show that employees of Hadley and Manhattan Life met in New York on November 7, 1983. These letters make oblique references to other events, permitting the inference that Hadley has conducted other business in New York. Additionally, plaintiffs submit two telexes sent from Hadley to Manhattan Life in New York, the contents of which are not entirely clear.

In response to plaintiffs' submissions, defendants admit the existence of the documents,[5] but deny that the facts they establish provide any basis for personal jurisdiction. Following plaintiffs' submissions, defendants provided the court with seven additional letters, telexes, or written evidence of oral communication from them to Manhattan Life which they claim constitute the entirety of dealings between the two parties.

Alternatively, if the court does not find that there is personal jurisdiction over the

---

**4.** A "losses occurring" policy provides coverage for losses occurring on or after a certain date on policies then in effect and thereafter coming into effect.

**5.** No explanation has been offered as to why the existence of the letter and telexes was denied in the defendants' affidavit.

defendants, plaintiffs ask for permission to conduct discovery related to the jurisdictional question.

## II.

■ Personal jurisdiction in a diversity action is determined by the laws of the jurisdiction in which the district court sits and therefore New York law is applicable to this action. *United States v. First National City Bank*, 379 U.S. 378, 381–82, 85 S.Ct. 528, 530–31, 13 L.Ed.2d 365 (1965). While a plaintiff has the ultimate burden of establishing that jurisdiction is proper by a preponderance of the evidence, *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir.1983), prior to an evidentiary hearing he must only make a *prima facie* showing to avoid dismissal, even if the defendant offers controverting evidence. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). In determining whether a plaintiff has made a *prima facie* showing "all pleadings and affidavits are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor." *Id.*

■ Plaintiffs contend that the court has jurisdiction over the defendants pursuant to CPLR §§ 301 and 302(a)(1), N.Y. Civ. Prac. L. & R. §§ 301 and 302(a)(1) (Consolidated 1972 & 1990 Supp. Pamphlet). In addition to the New York statutory requirements, the court must consider the requirements of constitutional due process and therefore must examine the facts of each case using the "minimum contacts" and "traditional notions of fair play and substantial justice" standards set forth in

International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny.

■ Generally, the test as to whether personal jurisdiction is constitutionally permissible is "whether the defendant purposefully established 'minimum contacts' in the forum state." [6] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). This requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* at 475. "The 'substantial connection' [citations omitted] between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.*" *Asahi Metal Ind. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (emphasis original).

### A.

■ CPLR § 301 allows a foreign entity doing business in New York "not occasionally or casually, but with a fair measure of permanence and continuity" to be subject to personal jurisdiction. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd., supra*, 763 F.2d at 58 (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917)). This basis for personal jurisdiction, generally known as the "doing business" test, requires more of a presence in New York than CPLR § 302(a)(1), general-

---

**6.** Once "minimum contacts" have been established with the forum state, other factors must also be considered to determine whether asserting personal jurisdiction over the defendant would comport with "fair play and substantial justice." *International Shoe Co. v. Washington, supra*, 326 U.S. at 320, 66 S.Ct. at 160. In appropriate cases, the court should consider the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies. *World–Wide Volkswagen Corp. v.*

*Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980). Although generally, a defendant who purposefully directs activity at a forum state will be subject to jurisdiction, "minimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King Corp. v. Rudzewicz, supra*, 471 U.S. at 477–78, 105 S.Ct. at 2185 (quoting *World–Wide Volkswagen Corp. v. Woodson, supra*, 444 U.S. at 292, 100 S.Ct. at 564). Because the instant case is resolved on the issue of "minimum contacts," it is unnecessary to reach these questions.

ly known as the "transacting business" test. If a foreign entity is found to be doing business in New York, it is subject to personal jurisdiction on any cause of action whether or not it arises out of its business done in New York. *Hoffritz for Cutlery, Inc. v. Amajac, Ltd., supra,* 763 F.2d at 58.

■ Construing all the facts in the light most favorable to plaintiffs, as is required, they clearly have not shown that defendants are doing business in New York. Although plaintiffs provide affidavits attesting that at least on occasion defendants solicited business in New York, the mere solicitation of business does not constitute "doing business." *Laufer v. Ostrow,* 55 N.Y.2d 305, 310, 449 N.Y.S. 456, 459, 434 N.E.2d 692, 695 (1982). Although it is true that "once solicitation is found in any substantial degree very little more is necessary to a conclusion of 'doing business,'" *Aquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 211 (2d Cir.1970), plaintiffs have not demonstrated "substantial solicitation" carried on with a "considerable measure of continuity and from a permanent locale within the state." *Beacon Enterprises, Inc. v. Menzies, supra,* 715 F.2d at 763. At most, plaintiffs have shown that defendants have occasionally done business in New York.

Courts have consistently found foreign corporations engaging in far more substantial activities than the defendants not to be "doing business" for the purposes of CPLR § 301. *Liquid Carriers Corp. v. American Marine Corp.,* 375 F.2d 951, 953 (2d Cir.1967) ("the occasional visits of [the company's vice–president] to New York to solicit business and to negotiate contracts for [the company] were not sufficiently regular or extensive for the New York courts to hold that [the company] is 'doing business' in the state."); *Dunn v. Southern Charters, Inc.,* 506 F.Supp. 564, 567 (E.D.N.Y. 1981) ("[The company's] New York activities amount to advertising and solicitation of orders, activities which New York's

courts consistently have held do not warrant a finding of 'doing business.'").

**B.**

■ CPLR § 302(a)(1), part of New York's long-arm statute, allows personal jurisdiction over any non-domiciliary who in person or through an agent "transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" CPLR § 302(a)(1), with its "transacting business" test, provides a basis for jurisdiction over a defendant who has insufficient presence in New York under the "doing business" requirements of CPLR § 301.[7]

■ "Transacting business" requires only a minimal quantity of activity, provided that it is of the right nature and quality. *Lawrence Wisser and Co., Inc. v. Slender You, Inc.,* 695 F.Supp. 1560, 1562 (S.D.N.Y. 1988) (Sweet, J.). *See also American Edelstaal, Inc. v. Maier,* 460 F.Supp. 613, 618 (S.D.N.Y.1978) (Griesa, J.). "No single contact or event connecting the defendant to New York is required; rather, the totality of the defendant's contact with the forum must indicate that the exercise of jurisdiction is proper." *Future Ways, Inc. v. Odiorne,* 697 F.Supp. 1339, 1342 (S.D.N.Y. 1988) (Leisure, J.).

There is no simple quantitative test which can be applied to determine the propriety of jurisdiction. Looking to the context of the situation, courts have found jurisdiction proper based on one telephone call, *Parke–Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 18, 308 N.Y.S.2d 337, 340, 256 N.E.2d 506 (1970), and impermissible in a situation in which there were 80 telephone calls and 30 facsimile transmissions. *Lawrence Wisser and Co., Inc. v. Slender You, Inc., supra,* 695 F.Supp. at 1563. Similarly, the New York Court of Appeals has found a one-day visit to New York to be sufficient to confer jurisdiction under some circumstances, *George Reiner & Co., Inc. v. Schwartz,* 41 N.Y.2d 648,

---

**7.** In addition to the "transacting business" requirement, CPLR § 302(a)(1), unlike CPLR § 301, requires "some articulable nexus between the business transacted and the cause of action

sued upon." *McGowan v. Smith,* 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981). It is unnecessary to reach this issue in the instant determination.

654, 394 N.Y.S.2d 844, 848, 363 N.E.2d 551, 555 (1977) (although defendant was only in New York one day, this was held sufficient because the day was filled with establishing a contractual relationship with a New York corporation), and insufficient under others. *McKee Elec. Co. v. Rauland–Borg Corp.*, 20 N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37, 229 N.E.2d 604, 607 (1967) (company manager's one day visit to New York to attend meeting held insufficient to assert jurisdiction under CPLR § 302). It has been expressly held that simply supplying reinsurance on New York insurance policies does not give rise to jurisdiction under the transacting business test without some further contact. *Birmingham Fire Ins. Co. v. KOA Fire & Marine Ins.*, 572 F.Supp. 962, 967 (S.D.N.Y.1983) (Carter, J.).

■■■ The only activity which plaintiffs allege is connected to their indemnification claim against defendants is one meeting in New York between defendants and Manhattan Life, and follow-up letters to that meeting. These contacts are of sufficient quantity to find that defendants were transacting business if the meeting in New York had some substantial or critical relationship to the matters which form the basis for this litigation. If, on the other hand, the New York meeting concerned matters between defendants and Manhattan Life which are outside the scope of the transaction in question, CPLR § 302(a)(1) jurisdiction would be improper. Because plaintiffs have not provided any facts regarding the subject matter of the November 7, 1983 meeting, the court cannot find that the defendants have transacted business within New York.

## C.

■■■ A party may be allowed to engage in discovery regarding jurisdiction at the court's discretion. *Grove Valve & Regulator Co., Inc. v. Iranian Oil Services*, 87 F.R.D. 93, 96 n. 8 (S.D.N.Y.1980) (Weinfeld, J.). While a court should not approve a fishing expedition when little more exists than plaintiff's bare assertions that jurisdiction is proper, under New York law plaintiffs are entitled to discovery regard-

ing the issue of personal jurisdiction if 'they have made a sufficient start, and shown their position not to be frivolous." *Peterson v. Spartan Industries, Inc.*, 33 N.Y.2d 463, 467, 354 N.Y.S.2d 905, 908, 310 N.E.2d 513, 516 (1974); *Singer v. Bell*, 585 F.Supp. 300, 304 (S.D.N.Y.1984) (Weinfeld, J.); *Amigo Foods Corp. v. Marine Midland Bank-N.Y.*, 39 N.Y.2d 391, 395, 384 N.Y.S.2d 124, 126–27, 348 N.E.2d 581, 583–84 (1976). Contrary to the contentions of the defendants, "[a] prima facie showing ... simply is not required ...." *Grove Valve & Regulator v. Iranian Oil Services, supra,* 87 F.R.D. at 95 n. 8.

■■■ As explained above, plaintiffs have not made a *prima facie* showing that the court has jurisdiction. However, they have made a sufficient start and shown their position to be non-frivolous. Therefore, discovery is appropriate. Plaintiffs have provided affidavits showing that defendants solicited and consummated some business in New York prior to this transaction, and had at least one meeting in New York subsequent to and allegedly concerning this transaction. This is sufficient to allow plaintiffs the opportunity to obtain evidence from the defendants regarding their New York activities. While the defendants question the accuracy of the affidavits supplied by the plaintiffs, this is not a reason to avoid granting discovery. Under these circumstances, discovery is an appropriate vehicle so that an ultimate determination as to jurisdiction can be reached.

## III.

In sum, plaintiffs have not shown that the court has personal jurisdiction over the defendants. However, their request for discovery, limited to the issue of personal jurisdiction over the defendants, is granted. Plaintiffs have six weeks from the date of this opinion to complete their discovery and file any additional papers in support of the court's jurisdiction. The defendants will respond to plaintiffs' submission in the time and manner provided in Rule 12, F.R. Civ.P., and Rule 3 of the Local Civil Rules

594

for the Southern and Eastern Districts of New York.

IT IS SO ORDERED.