PST SERVICES, INC. and Per–Se Technologies, Inc., Plaintiffs,

v.

Lee M. LARSON III; Bradley C. Clark; Kimberlee A. Girard, Janise Liu and Randall Collins Clark, Defendants,

No. 03–CV–00970.

United States District Court, N.D. New York.

March 8, 2004.

34

Bond, Schoeneck & King, PLLC, Syracuse, NY, Thomas Keleher, Brian J. Butler, of Counsel, Alston & Bird, LLP, Atlanta, GA, Christopher C. Marquardt, Robert P. Riordan, of Counsel, for Plaintiffs.

Hancock & Estabrook, LLP, Syracuse, NY, John G. Powers, of Counsel, Arnall, Golden & Gregory, LLP, Atlanta, GA, Charles D. Huddleston, Andrew B. Flake, of Counsel, for Defendants.

## MEMORANDUM DECISION AND ORDER

MUNSON, Senior District Judge.

### BACKGROUND

Per–Se Technologies, Inc., (Per–Se), is a corporation that provides, through its subsidiary, PST Services, Inc., ("PST"), various services and solutions to physicians and health care organizations that are devised to make their businesses more efficient and optimize their revenue. In a portion of its business, PST operates an Academic & Multi–Specialty Services Group (the "Academic Group") that is focused on providing billing and accounts receivable management services to physician faculty practices and office based physician practices across the country. Per–Se company handbook suggested that an employee desiring to leave the company's employment give four weeks notice of his/her intention to do so.

Plaintiff's claim that defendant Randy Clark was employed by PST in its Academic Group as a Senior Systems Engineer. In this position this defendant had knowledge and access to plaintiffs' confidential business and financial information and trade secrets as well as direct contact with representatives of one or more of plaintiffs customers.

On Thursday, July 3, 2003, defendant Randy Clark and six other employees tendered resignation letters to plaintiffs. On the same date, Randy Clark refused to advise plaintiffs of his future employment or business plans, but it did come to light that day that the group of seven were going to all work for a competitor. Subsequently, plaintiffs learned that the group had planned this competing business while they were employed at PST.

In his resignation letter, defendant Randy Clark pledged to company policy by working a four week notice period before terminating his employment. However, during the week of July 13, 2003, while still employed and paid by plaintiffs, defendant Randy Clark traveled with the other members of the group of seven to Crouse Hospital in Syracuse, New York to conduct business meetings related to their new business venture. Plaintiffs were unaware of this meeting, and,

if they were, would not have authorized defendants to attend it.

Not only did the group of seven conduct business on behalf of their new commercial enterprise in Syracuse, New York, they also actively solicited coworkers to resign from jobs with the Academic Group and join them in their new firm. Furthermore, the group of seven actively solicited one or more of plaintiffs' customers to shift their business away from plaintiffs to their new company. Plaintiffs also learned that before returning their company-owned laptop computers, several members of the group of seven, including defendant Randy Clark, intentionally, and without authorization, deleted information from those computers in violation of company policy.

Plaintiffs instituted this diversity action alleging that these actions by the group of seven were improper, unlawful and compelled them to institute this lawsuit. The complaint sets forth claims for breach of fiduciary duties, tortuous interference with contract and advantageous business relations, misappropriation and disclosure of trade secrets and confidential business information, and civil conspiracy. The action was brought in this court because the Syracuse meeting where the group of seven furthered their unlawful conspiracy is located in the Northern District of New York. Plaintiffs seek injunctive relief, an accounting of profits lost due to defendants conduct, return of plaintiffs' property, actual, compensatory and punitive damages, attorneys' fees and cost.

Plaintiffs name five defendants in the complaint, Lee M. Larson III, Bradley C. Clark, Kimberlee A. Girard, Janise Liu, and Randall Collin Clark. Defendant Janise Liu is not a party in the motions currently pending before the court.

Defendants Lee Larson, Bradley Clark and Randall Collin Clark each maintain that they were employed by Per–Se until July 3, 2003, when each tendered his letter of resignation that included the four week notice as suggested by the employees' rule book. At the time of their resignations, all three were employees at will and, as such, not required to give any notice prior to resigning. Upon tendering their resignations to the President

of Per–Se, Frank Murphy, each was advised that he was terminated and to leave the premises at once without taking any personal property from the office. All three turned over all company property they were then possessing. Defendant Girard also tended her letter of resignation on July 3, 2003. The letter contained the four week notice of leaving the company's employ provision although as an at will employee she was not required to provide any notice of her resignation. When she reported for work on Monday, July 7, 2003, she was instructed by plaintiffs' Human Resources Department that her employment was terminated immediately and to leave the premises without collecting her personal property. She turned over any company property in her possession.

During the period July 8–11, each of these four defendants received an offer from Per–Se of four weeks employment at Per–Se's Atlanta, Georgia office. Each defendant declined the offer.

The defendants then attended the meeting held in Syracuse, New York during the week of July 13, 2003 for the purpose of software training in connection with their new employment. Syracuse, New York was selected as the meeting location because it was the only site the software vendor's training personnel had available to provide the necessary training at that time. This meeting did not involve any substantive discussions regarding the operations, management, or marketing of their new employer. None of the defendants received salary payments by Per–Se during the time period of the meeting.

The court has before it three almost identical motions which seek dismissal of the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. One motion was filed by defendants Lee Larson, Kimberlee Girard and Bradley Clark, a second by defendant Randall Clark, and the third by defendant Janise Liu.

The Larson/Girard/ Bradley Clark motion originally included a proposed alternative disposition to transfer venue to the Northern District of Georgia under 28 U.S.C. § 1404, however, this alternative request was with-drawn from the motion by these defendants on September 25, 2003. Defendant Kimberlee A. Girard also claims that the court lacks personal jurisdiction over her because she was not properly served as required by Rule 4 of the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules § 308.

The defendants were all employed by plaintiff, resigned their positions with four weeks notice, were then immediately terminated, declined plaintiff's subsequent offer to re-hire them for four weeks, became employed by a company that competes with plaintiff, and attended the meetings in Syracuse, NY.

Plaintiffs have entered opposition to each of these motions.

■ Where the basis of federal jurisdiction is diversity of citizenship, a federal court in this state applies New York law to determine whether personal jurisdiction over the defendant may be exercised *CutCo Industries, Inc.,* 806 F.2d at 365. Under New York's long arm statute, Civil Practice Law and Rules ("CPLR") § 302(a), the pertinent sections of this statute applicable to the instant case are, "a court may exercise jurisdiction over a non-domiciliary defendant who (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortuous act within the state." "If the exercise of jurisdiction is appropriate under the long arm statute, the court must decide whether such exercise comports with the requisites of due process." *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997). While the person asserting jurisdiction under the long arm statute has the burden of establishing personal jurisdiction, *Armouth International, Inc. v. Haband Company,* 277 A.D.2d 189, 190, 715 N.Y.S.2d 438, 439 (2d Dept. 2000), only a *prima facie* showing of personal jurisdiction is required at the pleading or motion stage. *Tripmasters, Inc. v. Hyatt International Corp.,* 696 F.Supp. 925, 930 (S.D.N.Y.1988). Furthermore, the court in deciding this issue at this stage must construe the facts in the light most favorable to the non-moving party, in this case the plain-

tiffs. *Interface Biomedical Laboratories Corp. v. Axiom Medical, Inc.,* 600 F.Supp. 731, 735 (E.D.N.Y.1985).

Although a *prima facie* showing must be made in order to withstand a motion to dismiss for lack of personal jurisdiction, New York law entitles plaintiffs to conduct discovery without having made a *prima facie* showing provided that plaintiffs have made a sufficient start toward establishing jurisdiction, and have shown that their position is not frivolous. *Manhattan Life Insurance Company v. A.J. Stratton Syndicate,* 731 F.Supp. 587, 593 (S.D.N.Y.1990). The court therefore has discretion to order discovery even though plaintiffs have not made a *prima facie* showing. *Grove Valve & Regulator Company v. Iranian Oil Services,* 87 F.R.D. 93, 96 n. 3 (S.D.N.Y.1980)("Plaintiffs must make a threshold showing that discovery might uncover a basis for jurisdiction; but if no such possibility exists, to permit discovery would not be proper.").

Consequently, to withstand a motion to dismiss at this stage and qualify for an order of discovery, plaintiffs must show that their position is not frivolous and that they have made a sufficient start toward establishing personal jurisdiction. To make such a showing, plaintiffs must demonstrate that facts supporting personal jurisdiction may exist that discovery should draw out. *Sultanik v. Cobden Chadwick, Inc.,* 94 F.R.D. 123 (E.D.N.Y.1982)(light burden on plaintiff is satisfied by stating facts in the complaint and other papers sufficient to support a reasonable inference that defendant may be subject to personal jurisdiction within the state).

Given that plaintiffs have shown that defendants may have still been their employees at the time of the Syracuse, New York meetings and that business may have been transacted and torts committed during the time period in which the meetings were held, the court finds that the plaintiffs have met the light burden of showing a non-frivolous position and a sufficient start on establishing personal jurisdiction. These issues must be resolved in order to determine whether this court had personal jurisdiction over the defendants. While some discovery has taken place, the court finds that further discovery is warranted.

Accordingly, Defendants motions to dismiss the complaint pursuant to Fed. R. Civ. P.12(b)(2) for lack of personal jurisdiction is **DENIED** without prejudice; Magistrate Judge DiBianco's order of October 23, 2003 staying discovery is herewith dissolved; and the parties are given a 90 day period commencing on the date of this Order, for limited discovery on the issue of personal jurisdiction, the respective parties will then have 30 days from the close of discovery to bring any appropriate motions.

**IT IS SO ORDERED**