Gary L. BECK, Plaintiff,

v.

ATLANTIC CONTRACTING COMPANY, INC., Defendant.

No. 93–2480–JWL.

United States District Court, D. Kansas.

June 30, 1994.

John B. Gage, II, The Gage Law Firm, P.C., Overland Park, KS, Bobbie R. Bailey, Kansas City, MO, for plaintiff.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This action involves claims by plaintiff against defendant for wrongful discharge, including a claim for loss of consortium. Plaintiff filed his action on November 23, 1993. Plaintiff contends that he effectuated valid service of the summons and complaint on defendant by means of certified mail as provided for in the Federal Rules of Civil Procedure and the Statutes of Kansas. Defendant has failed to answer or otherwise respond to defendant's complaint.

This matter is currently before the court on plaintiff's motion for default judgment (Doc. # 8). In his motion, plaintiff contends that he effectuated valid service on defendant by certified mail and, consequently, defendant's failure to answer or otherwise respond to his complaint entitles him to a default judgment from this court. Plaintiff seeks judgment in the amount of $49,407.00 in lost wages; $150,000.00 for emotional distress and mental anguish; $25,000.00 for loss of consortium; $5,000,000.00 for punitive damages; and his costs and reasonable attorney's fees. A hearing was held on this matter March 4, 1994 and the court took the matter under advisement pending additional briefing on the issues of service and damages, which has now been received and reviewed by the court.

### A. Validity of Service of Process

The first question the court is faced with in plaintiff's motion is whether plaintiff properly effectuated service on defendant via certified mail. Defendant is a Virginia corporation engaged in the construction business which was doing business in the state of Kansas at the time of the acts giving rise to plaintiff's cause of action. In his motion, counsel for plaintiff avers that, when attempting to determine whom to serve on behalf of defendant, he discovered that defendant had no named resident agent for the state of Kansas. He did determine, however, that defendant's resident agent in the state of Virginia was one Melvin J. Radin, Esq., whose address he obtained from the Virginia Corporations Division of the Secretary of State's office.

On the date plaintiff filed this action, he served the summons and complaint given to him by the clerk of the court upon defendant by certified mail, return receipt requested, which certified mail was accompanied by instructions to the postal employee to show to whom the mail had been delivered, the date of delivery, and the address where delivered. Said summons and complaint were also accompanied by two copies of a notice and acknowledgement conforming substantially to form 18–A contained in the Appendix of Forms to the Federal Rules of Civil Procedure. The entire package was sent via certified mail to Melvin J. Radin, defendant's registered agent in the state of Virginia, at the Norfolk, Virginia address for such agent on file with the Virginia Corporations Division of the Secretary of State's office.

In early December, plaintiff's counsel received the domestic return receipt associated with the certified mail transmission, indicating that the summons and complaint had been received by "Mary Villenes." Counsel for plaintiff avers that he subsequently dis-

covered that Mary Villenes is an individual employed at Mr. Radin's office as Mr. Radin's secretary. He further avers that he was informed by a receptionist at that office that Ms. Villenes sometimes filled in at the front desk and was authorized to receive packages and official documents when doing so.

Federal Rule of Civil Procedure 4(e), in force at the time service was made,[1] allowed process to be served outside the state in which the federal court sits "under the circumstances and in the manner prescribed in the statute or rule" of the state in which the district court sits. The Kansas long-arm statute, K.S.A. § 60–308(b)(1), provides that a person (including a corporation) that commits a tortious act within the state submits to in personam jurisdiction for causes of action arising out of the commission of that act. The cause of action alleged against the defendant in this case arose out of the commission of an alleged tortious act (the wrongful termination) within the state of Kansas.

K.S.A. § 60–308(e) allows service to be made on such a defendant outside the state by certified mail "addressed to the person to be served in accordance with K.S.A. § 60–304." That same section provides that such service "shall be considered obtained . . . upon the delivery of the certified mail envelope." The "person to be served" in the case of a domestic or foreign corporation, as provided in K.S.A. § 60–304(e), is "an officer . . . or a resident, managing or general agent" of the corporation. The same section provides that service by certified mail "on an officer, partner or agent shall be addressed to such person at the person's usual place of business."

■■■■ K.S.A. § 60–308(e) authorizes service to be made by certified mail by the

attorney for a party "pursuant to this subsection . . . evidenced by return receipt signed by any person or by restricted delivery." The certified mail must be addressed to "the person to be served in accordance with K.S.A. 60–304," but there is no requirement that the mail be delivered to that person. The section does require that a return receipt must be requested "with instructions to the delivering postal employee to show to whom delivered, date of delivery and address where delivered." There is no provision in the section, however, that would serve to invalidate the service if the postal employee fails to perform his or her duty with respect to noting the requested information on the return receipt. The section says that service is obtained upon delivery of the certified mail envelope. The other provisions in the section relate to proof of service. Defects in the proof of service do not invalidate the service, since, by plain language of the statute, service is complete on delivery of the certified mail, addressed as required by the rule, to anyone at the appropriate address.

In this case, the return receipt shows that the certified mail was correctly addressed to a person authorized under K.S.A. 60–304 to accept service, namely a "resident agent" of the corporation. Further, it shows that plaintiff requested "restricted delivery," as provided by K.S.A. 60–308(e), but that restricted delivery was not made. Instead of being delivered directly to Mr. Radin, the registered agent, the certified mail was delivered to Ms. Villenes, an employee in Mr. Radin's office.

■■■ The court concludes that the fact that the certified mail was not delivered directly to Mr. Radin does not operate to invalidate the service.[2] Restricted delivery is not required by K.S.A. 60–308(e); delivery of certified mail is.[3] Nor does the court believe that

---

1. This service was made on November 29, 1993, which was two days before the effective date of the most recent amendment to Rule 4. Therefore, the effectiveness of the service is to be judged under Rule 4 prior to the most recent amendment.

2. In fact, the plain language of K.S.A. 60–308(e), which provides that service "may be by certified mail, evidenced by return receipt signed by *any*

*person . . .*" (emphasis added), seems to dictate such a result.

3. In *Fancher v. Fancher,* 8 Ohio App.3d 79, 455 N.E.2d 1344 (1982), the court, interpreting the Ohio certified mail service statute, which contained language nearly identical to Kansas' statute, concluded that certified mail service did not require actual service on the defendant, but was effective upon certified delivery. Accordingly, the court held that the certified mail service was

this interpretation of the statute is violative of due process. Due process requires that the service of process be reasonably calculated to provide the defendant with actual notice of the suit and an opportunity to defend. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Sending certified mail to a corporate agent authorized to receive service of process is likely to lead to actual notice to the responsible corporate officials. The court believes that even where the process is not delivered to the agent in hand, if it is accepted as special, certified mail by an employee at the agent's place of business, it is highly likely that the agent will get the notice and will take the appropriate steps to initiate the corporation's response.

■ Plaintiff in this case followed all the steps required of him to effectuate proper service under the Kansas long-arm statute. The return receipt filed by plaintiff in the case evidences that the process was delivered by certified mail to the address of Mr. Radin and was accepted by an employee of Mr. Radin at that address. Because there is no provision in the Kansas statute that would invalidate service merely because delivery was not made personally to the addressee, and because the court does not believe due process considerations would mandate such a provision, the court finds that proper service upon the defendant was obtained, pursuant to K.S.A. 60–308(e), upon delivery of the certified envelope.

## B. Damages

■ Defendant failed to answer or otherwise defend against plaintiff's action within the time prescribed under the Federal Rules of Civil Procedure. Accordingly, on February 18, 1994, the clerk of this court executed an entry of default against defendant pursuant to Fed.R.Civ.P. 55(a). Given our conclusion that defendant did receive proper service in this action, the court finds that the entry of default was properly made by the clerk.

■ Plaintiff now asks the court to enter a default judgment against the defendant pursuant to Fed.R.Civ.P. 55(b)(2). Because the court has determined that defendant is in default, the factual allegations of plaintiff's complaint, except those relating to the amount of damages, will be taken as true. *See* 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 444 (2d ed. 1983); *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir.1990). Accordingly, the court accepts as true the allegations of plaintiff's complaint regarding defendant's conduct in wrongfully terminating plaintiff, the allegations regarding loss of consortium, and the allegations regarding defendant's willful and wanton conduct. Plaintiff is therefore granted judgment on these liability issues.

■ Having determined that plaintiff is entitled to judgment on the liability issues, it is necessary for the court to determine the amount and character of the recovery that should be awarded. Fed.R.Civ.P. 55(b)(2) provides that "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary." If a defendant does not contest the amount prayed for in the complaint, and the claim is for a sum certain, or a sum that can be made certain by computation, generally the court will enter judgment for the amount without any further hearing. *See* 10 Wright, Miller & Kane, Federal Practice and Procedure § 2688, at 448 (2d ed. 1983). If the sum is not certain or capable of easy computation, the court may hold whatever hearing or inquiry it deems necessary. *Id.*

■ In his motion for default judgment, plaintiff seeks judgment for actual damages in the amount of $49,407.00 in lost wages; $150,000.00 for emotional distress and mental anguish; and $25,000.00 for loss of consortium, for a total of $224,407.00. In his mo-

---

valid where the envelope containing the documents to be served was delivered to a person other than the defendant, at the defendant's ad-

dress. *See also Code v. Gaunce,* 315 N.W.2d 304 (N.D.1982).

tion, plaintiff has presented a detailed accounting of his calculations regarding his lost wages. The court finds that plaintiff is entitled to judgment for such sum based on those calculations. Further, at the earlier hearing held by the court on plaintiff's motion for default judgment, plaintiff presented evidence regarding his damages. Based on that evidence, and the record as a whole, the court finds that plaintiff is entitled to judgment for the amounts sought for emotional distress, mental anguish and loss of consortium. Accordingly, the court enters judgment for $224,407.00 in actual damages.

■ The final issue confronting the court on plaintiff's motion deals with punitive damages. In his complaint, plaintiff prayed for punitive damages in the amount of $5,000,-000.00. Plaintiff contends that because this amount was listed in the complaint, such amount is a sum certain and defendant's default entitles him to a judgment for the entire $5,000,000.000. However, the court does not agree that plaintiff is entitled to a judgment for the entire $5,000,000.00 amount simply because that amount was prayed for in the complaint. A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested is reasonable under the circumstances. *See* 10 Wright, Miller & Kane, Federal Practice and Procedure § 2683, at 415 (2d ed. 1983). To date, plaintiff has presented no evidence, either in his motion for default judgment or at the earlier hearing on the motion in this court, that would enable the court to make a reasonable determination as to the amount of punitive damages, if any, that should be awarded in the case.

The court determines that further evidence must be presented to enable the court to make a reasonable determination of the amount of punitive damages, if any, that should be awarded in the case. The court does not believe that another hearing is necessary, however. The plaintiff may present such evidence by way of affidavit or other sworn testimony accompanied by such briefing as counsel shall deem necessary to convey his argument in support. To aid the court in making a reasonable determination as to punitive damages, plaintiff, in presenting his evidence and argument, shall address the factors set out in K.S.A. § 60–3702(b).[4] Plaintiff is ordered to file his evidence and any supporting brief on or before July 29, 1994. Following the receipt of this evidence, the court shall enter judgment as to the amount of punitive damages.

**IT IS, THEREFORE, BY THE COURT ORDERED THAT** plaintiff's motion for default judgment (Doc. # 8) is granted in part and denied in part. Plaintiff is granted a default judgment against defendant in the amount of $224,407.00 in actual damages plus the costs of this action[5]. The court finds that it does not have sufficient evidence before it to issue a default judgment as to punitive damages. Accordingly, plaintiff is ordered to supplement the record as set forth above on or before July 29, 1994.

**IT IS SO ORDERED.**

---

4. K.S.A. 60–3702 sets forth the Kansas procedure for determining punitive damages. Under the statute, the trier of fact first determines whether such damages shall be allowed. If such damages are allowed, a separate proceeding is conducted by the court to determine the amount of such damages to be awarded. Subsection (b) sets forth the relevant factors to be considered by the court. In his motion, plaintiff argues that K.S.A. 60–3702 is unconstitutional because it violates his Seventh Amendment right to a trial by jury. Because this matter is before the court on a motion for default judgment, the court does not believe plaintiff's argument to be pertinent to the situation at hand and therefore declines to discuss it. He simply isn't seeking a trial by jury. The court does believe the factors listed in K.S.A. 60–3702(b) are relevant to this court's ability to make a reasonable determination as to the amount of punitive damages that should be awarded in this default judgment situation.

5. Plaintiff also seeks attorney fees but it is settled law that he is not entitled to same. *See Lines v. City of Topeka*, 223 Kan. 772, 577 P.2d 42 (1978).