FILED
United States Court of Appeals
Tenth Circuit

February 18, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PETER M. WALLACE,

        Plaintiff-Appellant,

v.

MICROSOFT CORPORATION, a
Washington corporation,

        Defendant-Appellee.

No. 09-3187

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 2:07-CV-02379-EFM)**

---

Submitted on the briefs:[*]

A.J. Kotich and Glenn H. Griffeth, Topeka, Kansas for Plaintiff-Appellant.

Michael L. Blumenthal and Courtney A. Hasselberg, Seyferth Blumenthal & Harris, LLC, Kansas City, Missouri for Defendant-Appellee.

---

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Peter M. Wallace appeals two orders of the district court.  One dismissed his state-law tort claims as untimely; the other granted summary judgment to Microsoft on Mr. Wallace's remaining claims.  We affirm in part, reverse in part, and remand.

Background

Peter Wallace was employed by defendant Microsoft when he fell and was injured on a public sidewalk while walking to a company meeting.  After an extended leave of absence, Microsoft terminated Mr. Wallace's employment, prompting Mr. Wallace to file a petition in state court raising claims for retaliatory discharge, breach of an employment contract, outrage, and various state and federal statutory claims.  After Microsoft was served with the petition, but not the summons, it elected to remove the case to federal court.  The notice of removal was filed in the district court and served on Mr. Wallace on August 15, 2007.  On August 23, 2007, Mr. Wallace, for the first time, served a summons and another copy of the petition upon Microsoft.

Microsoft filed a motion to dismiss arguing that the common law tort claims were untimely under the Kansas two-year statute of limitations.  The district court agreed and dismissed those claims.  Microsoft later filed a motion for summary judgment which was granted.  Mr. Wallace appeals, arguing that the district court erred in concluding that his common law tort claims were untimely and that summary judgment was improper because there remains a disputed issue

-2-

of material fact as to whether the parties entered into a 2003 employment contract.

**Discussion**

*Dismissal of tort claims*

Our jurisdiction arises under 28 U.S.C. § 1291. "Whether a court properly applied a statute of limitations and the date a statute of limitations accrues under undisputed facts are questions of law we review *de novo*." *Nelson v. State Farm Mut. Auto. Ins. Co.*, 419 F.3d 1117, 1119 (10th. Cir. 2005).

Mr. Wallace's job was terminated on May 27, 2005. Under Kansas law, Mr. Wallace then had two years in which to commence an action based on that termination, or until May 27, 2007. *See West v. Conrail*, 481 U.S. 35, 39 n.4 (1987) (federal court in diversity action looks to state law in determining whether an action has been timely commenced). The petition here was filed in state court on May 18, 2007, and Mr. Wallace's counsel served the petition, but not the summons, on Microsoft's registered agent on June 28, 2007. Kansas law, however, requires that both the petition and the summons be served before an action will be deemed "commenced." Kan. Stat. Ann.§ 60-304(e); *see also Wheat v. Kinslow*, 316 F. Supp. 2d 944, 950 (D. Kan. 2003). If service of process is obtained within ninety days after the petition is filed, the date of the petition's filing is deemed to be the date of commencement of the action. Kan. Stat. Ann.

§ 60-203.[1]  In other words, Mr. Wallace had ninety days from May 18, 2007, or until August 16, 2007, in which to serve the petition and summons on Microsoft and still be within the two-year statute of limitations.  As mentioned above, however, Mr. Wallace did not serve the summons on Microsoft until August 23, 2007, well after the statutory ninety-day grace period during which, if a summons is served, the date of service will relate back to the date the petition was filed for purposes of establishing a commencement date.  If that were the whole story here, the district court would clearly have been correct to dismiss the tort claims as untimely.  *See Habermehl v. Potter*, 153 F.3d 1137, 1139 (10th Cir. 1998).  But that is not the whole story.  On August 15, 2007, one day before the ninety-day grace period expired, Microsoft removed this case to federal court, thus setting in motion other law which saves Mr. Wallace's tort claims.

"After the removal of an action from state court . . . the case will proceed as if it originally had been brought in the federal court.  Thus, it has been settled

---

[1]  Kan. Stat. Ann. § 60-203(a) provides

(a) A civil action is commenced at the time of:  (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1).

by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters." 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, *Federal Practice and Procedure* § 3738 at 692-98 (4th ed. 2009) (citations and footnotes omitted). One of the federal laws governing removed cases is 28 U.S.C. § 1448 which provides for process after removal. It states in pertinent part:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

Further, Fed. R. Civ. P. 81(c) states that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." And lastly, Fed. R. Civ. P. 4(m) provides in pertinent part:

> **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Taken together, Mr. Wallace argues that, once his case was removed, he then had 120 days in which to effect service. We agree.

After removal, federal rather than state law governs the course of the later proceedings. *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1974). Despite that, federal courts in removed cases look to the law of the forum state, in this case Kansas, to determine whether service of process was perfected prior to removal. *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). We agree with Microsoft that, because the summons had not been served on it before removal, service was not perfected at the time the case was removed. That reference to state law, however, "does not foreclose service being effected in the [federal] district court." *Id.*

Once Microsoft removed the case to federal court prior to the expiration of the ninety-day period for service under state law, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) gave Mr. Wallace an additional 120 days in which to perfect service. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (explaining that § 1448 allows the plaintiff to serve an unserved defendant or to perfect flawed service once the action has been removed); *Allen v. Ferguson,* 791 F.2d 611, 615 (7th Cir. 1986) ("If jurisdiction can be obtained over the defendant, then § 1448 permits service of process to be completed or new process to be issued in the same manner as in cases originally filed in federal district court."); *Lewis v. Rego Co.*, 757 F.2d 66, 69 (3d Cir. 1985) ("The statute itself contemplates that after removal process or service may be completed on defendants who had not been served in the state proceeding."); *Baumeister v. N.M. Comm'n for the Blind*,

409 F. Supp. 2d 1351, 1352 (D. N.M. 2006) (holding that "[w]here service of process in state court is defective or incomplete, 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m) give the plaintiff 120 days from the date defendant removes the case to federal court in which the imperfect or defective service may be cured").[2]

The Ninth Circuit has held that where the plaintiff has not served the defendant with process prior to removal, the district court has no power to complete the service. Rather, the court must issue new process pursuant to Fed.R.Civ.P. 4. *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). This court has yet to rule on that precise question, and there is no need to do so here because, whether as a continuation of the state service (served on August 29, 2007) or as new service through the federal court (served on September 13, 2007), Mr. Wallace served Microsoft with the complaint and summons well within 120 days from August 15, 2007, the date of removal. It was thus error for the district court to dismiss Mr. Wallace's state-law tort claims as barred by the relevant statute of limitations.

---

[2] We note that had Microsoft waited until after August 16, 2007, in which to remove this case, the outcome would have been different. If the case had remained in state court, the tort claims could have been dismissed as time barred after August 16, 2007. Removal would not have rescued the stale tort claims. *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 168 (3d Cir. 1976) (noting that "§ 1448 cannot be utilized to breathe jurisprudential life in federal court in a case legally dead in state court"); *see also Marshall v. Warwick*, 155 F.3d 1027, 1033 (8th Cir. 1998) (same).

*Grant of summary judgment to Microsoft on breach of contract claim*

"We review a grant of summary judgment de novo, applying the same standard as the district court. Summary judgment is only appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Hennagir v. Utah Dept. of Corrs.*, 587 F.3d 1255, 1261 (10th Cir. 2009) (citations omitted).

Mr. Wallace argues that summary judgment on his breach of contract claim was error because there remains a material factual issue as to the existence of a 2003 employment agreement. In 2000, Mr. Wallace signed an offer letter and an employment contract expressly providing that his employment was terminable at will, with or without cause, and that any modification to the agreements required a signed writing by both Mr. Wallace and an officer of Microsoft. But Mr. Wallace was unable to produce any such written, signed agreement. Instead, he argues that emails in the record infer the existence of such a contract. The district court held that "[w]hile these emails may allow a reasonable jury to find that Wallace had an employment dispute with a previous supervisor to require his position be changed, we do not believe that a rational jury, viewing the emails and facts set forth in the record in a light most favorable to Wallace, could infer the existence of an express employment contract, signed by an officer of Microsoft setting a minimum employment period, and containing language superceding the 2000 Agreement." *Wallace v. Microsoft Corp.*, No. 07-2379-

EFM, 2009 WL 1636103, at \*4 (D. Kan. June 11, 2008). We have reviewed the record and the applicable law, and we agree with the district court whose decision on this issue we affirm for substantially the reasons stated by that court.

**Conclusion**

The judgment of the district court is AFFIRMED in part and REVERSED in part, and this case is remanded for further proceedings in accordance with this opinion.