**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SONNY LAUREN HARMON,

Plaintiff - Appellant,

v.

JIMMY KEITH, in his individual
capacity to impose personal liability
and as Warden of Davis Correctional
Facility; JAMES ALEXANDER, in his
individual capacity to impose personal
liability and acting Principal, Education
Department of the Davis Correctional
Facility; WILLIAM BOYD, in his
individual capacity to impose personal
liability and as Deputy Warden of the
Davis Correctional Facility,

Defendants - Appellees.

No. 10-7003

(E.D. Oklahoma)

(D.C. No. 6:08-CV-00202-JHP-SPS)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On June 3, 2008, appellant Sonny Lauren Harmon, an Oklahoma state prisoner, filed a complaint in federal district court pursuant to 42 U.S.C. § 1983. In the complaint, Harmon alleged Defendants' confiscation and retention of two computer discs resulted in the denial of his right to due process of law and access to the courts.  Harmon identified three matters allegedly hampered by Defendants' actions: (1) a § 2241 federal habeas action, (2) a direct appeal challenging an Oklahoma state criminal conviction, and (3) an Oklahoma civil action arising from the execution of a search warrant at several properties owned by him. Defendants moved for summary judgment.  The district court granted the motion and dismissed Harmon's suit with prejudice.

This court reviews a grant of summary judgment de novo, applying the same legal standard applied by the district court and viewing the evidence in the light most favorable to the nonmoving party.  *Wallace v. Microsoft Corp.*, 596 F.3d 703, 707 (10th Cir. 2010).  Summary judgment is not appropriate unless "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

The Fourteenth Amendment guarantees an inmate the right of access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977).  As the district court

correctly noted, however, an inmate lacks standing to raise a right-of-access claim unless he is able to demonstrate actual injury. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996) ("[T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."). The inmate can satisfy this standing requirement by showing the defendant "hindered [his] efforts to pursue a nonfrivolous claim." *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996). Here, the district court concluded Harmon failed to show he suffered an actual injury. To the contrary, the uncontroverted evidence showed Harmon was able to prepare and file pleadings in both state and federal court during the relevant period.

On appeal, Harmon argues he will be able to make a sufficient showing of actual injury if he is given the opportunity for discovery. He does not, however, explain how his inability to access the information or documents on the confiscated computer discs hindered his ability to pursue the state and federal lawsuits he identifies in his complaint. He simply makes the conclusory allegation that he can show he was "prevented from sufficiently challenging and attacking his criminal convictions in State and Federal Courts, as well as his civil cases." This perfunctory statement is insufficient to meet his burden of showing actual injury. Further, Harmon does not dispute any of the evidence presented by

-3-

Defendants demonstrating he was not impeded from pursuing the suit he initiated in Oklahoma state court or filing a habeas petition in federal court.

Having reviewed the record, the appellate briefs, and the applicable law, we conclude the grant of summary judgment in favor of Defendants was proper. Accordingly, the dismissal of Harmon's § 1983 complaint is **affirmed** for substantially the reasons stated in the district court's order dated January 11, 2010.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge