(257 P.3d 788)
No. 103,323

WILLIAM S. PORTER and BURGER O'ROURKE, INC., d/b/a SERVPRO OF BARTLESVILLE/MIAMI, *Appellees*, v. WELLS FARGO BANK, N.A., *Appellant*.

Opinion filed May 20, 2011.

*Carrie E. Josserand*, of Lathrop & Gage LLP, of Overland Park, and *Amy E. Morgan*, of Polsinelli Shughart PC, of Overland Park, for appellant.

*Jeffery A. Chubb*, of Emert, Chubb, & Gettler, of Independence, for appellee Burger O'Rourke, Inc., d/b/a/ Servpro, and *William J. Fitzpatrick*, of Fitzpatrick & Bass, of Independence, for appellee William S. Porter.

Before GREENE, C.J., PIERRON and ARNOLD-BURGER, JJ.

GREENE, C.J.: Wells Fargo Bank, N.A., appeals the district court's denial of its motion to set aside a default judgment for actual and punitive damages in favor of William S. Porter and Burger

O'Rourke, Inc., d/b/a Servpro of Bartlesville/Miami (Servpro), arguing service of process was defective, notice of the default judgment was not effected as required by K.S.A. 60-254(c), and the award of punitive damages was improper. Because we conclude that service of process was never effected on Wells Fargo Bank, the district court obtained no personal jurisdiction over Wells Fargo Bank and the judgment was void and must be vacated.

### Factual and Procedural Background

When his home was damaged by fire in 2007, Porter's homeowners' insurer, Upland Mutual Insurance Company, indemnified the claim and sent Porter a check for $33,191.41 payable jointly to Porter and his mortgagee, Wells Fargo Bank. Porter mailed the check to Wells Fargo for endorsement in February 2008, requesting return of the check so that proceeds could be used for payment of Porter's restoration contractor, Servpro. The check was mailed by Porter to the address appearing in a Wells Fargo form for "certification for completion of repairs," which directed that "all information pertaining to your claim" should be directed to "Wells Fargo Home Mortgage, P.O. Box, 4455, Springfield, OH 45501-4455."

After repeated written and oral requests to Wells Fargo to endorse and return the check, Porter and Servpro filed suit against Wells Fargo in October 2008. Service of process was attempted in two ways: (1) Summons was sent via certified return receipt mail addressed to a Wells Fargo office in Eagan, Minnesota; and (2) summons was sent via certified return receipt mail addressed to the post office box in Springfield, Ohio, consistent with the directions on the form referenced above. The summons sent to Minnesota was never returned and was apparently lost or mishandled by the Post Office. The summons sent to Ohio was delivered to the post office box address on October 14, 2008, and the return receipt was apparently signed by Harold D. Bowen (or Brown), but the signature was in part illegible, with no agency or office indicated.

Notably, the record reflects that Wells Fargo had a registered agent in the state of Kansas listed on the Secretary of State's web-

site. The listing included a Sioux Falls, South Dakota, mailing address for the company, and a Topeka, Kansas, mailing address for its registered agent in Kansas.

Wells Fargo never responded to Porter's lawsuit, so Porter filed a motion for default judgment. Porter's motion was filed November 19, 2008, and requested a hearing for December 1, 2008. The default motion was again served on Wells Fargo at the Springfield post office box address. Porter's default motion also included a claim for exemplary damages.

The district court granted default judgment in favor of Porter, finding that (1) Wells Fargo was properly served, (2) punitive damages should be allowed, and (3) $50,000 in punitive damages should be awarded. Wells Fargo did not learn of the default judgment until one of its "outside attorneys—who was litigating a separate foreclosure action (Case No. 09 CV 38 I) against plaintiff William S. Porter and his wife Barbara A. Porter—alerted them that the Porters' answer in that action references a judgment obtained against Wells Fargo" in this case. Wells Fargo then moved to set aside the default judgment, claiming it was not properly served.

The district court declined to set aside the default judgment against Wells Fargo. The court again determined that service on Wells Fargo was proper, noting that service to the post office box address satisfied service requirements because the summons and petition were left "at any business office of the defendant with the person having charge thereof." The district court also determined that the award of damages was proper.

### Was Service of Process Properly Effected on Wells Fargo Bank?

Although Wells Fargo argues on appeal that the district court proceedings were defective in numerous regards, we focus first on the question of proper service of process. Obviously, if service of process was never properly effected on Wells Fargo, the district court never acquired jurisdiction over the person of the defendant, and the subsequent judgment is void *ab initio*. See *Hopkins v. State*, 237 Kan. 601, 604-05, 702 P.2d 311 (1985); *Wallace v. Mi-*

*crosoft Credit Corp.*, 563 F. Supp. 2d 1197, 1202 (D. Kan. 2008), *rev'd in part on other grounds* 596 F.3d 703 (10th Cir. 2010).

Jurisdiction over the person of the defendant may be acquired only by issuance and service of process in the methods prescribed by statute or by voluntary appearance, and a review of jurisdiction is de novo. *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, 812, 987 P.2d 1096 (1999).

## Statutory Overview

We begin by examining the statutes governing service of process at the time of the attempted service on Wells Fargo. Service on a corporation was governed by K.S.A. 60-304(e), which provided:

"*Corporations, domestic or foreign limited liability company, domestic or foreign limited partnership, domestic or foreign limited liability partnership, and partnerships.* Upon a domestic or foreign corporation, domestic or foreign limited liability company, domestic or foreign limited partnership, domestic or foreign limited liability partnership or upon a partnership or other unincorporated association, when by law it may be sued as such, (1) by serving *an officer, manager, partner or a resident, managing or general agent*, or (2) by leaving a copy of the summons and petition at any business office of the defendant *with the person having charge thereof,* or (3) by serving *any agent* authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant. Service by return receipt delivery on an officer, partner or agent shall be addressed to *such person* at the person's usual place of business." (Emphasis added.)

Service outside the state by return receipt delivery was governed by K.S.A. 2008 Supp. 60-308(d), which provided:

"*Service by return receipt delivery.* (1) Service of any out-of-state process by return receipt delivery shall include service effected by certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to *the party addressed,* in each instance evidenced by a written or electronic receipt showing *to whom delivered,* date of delivery, address where delivered, and person or entity effecting delivery. (2) The party or party's attorney shall cause a copy of the process and petition or other document to be placed in a sealed envelope addressed to the person to be served in accordance with K.S.A. 60-304, and amendments thereto, with postage or other delivery fees prepaid, and the sealed envelope place in the custody of the person or entity effecting delivery. (3) Service of process shall be considered obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope. (4)

After service and return of the return receipt, the party or party's attorney shall execute a return on service stating the nature of the process, to whom delivered, the date, the address where delivered and the person or entity effecting delivery. The original return of service shall be filed with the clerk, along with a copy of the return receipt evidencing such delivery. (5) If the sealed envelope is returned with an endorsement showing refusal to accept delivery, the party or the party's attorney may send a copy of the process and petition or other document by first-class mail addressed to the party to be served, or may elect other methods of service. If mailed, service shall be considered obtained three days after the mailing by first-class mail, postage prepaid, which shall be evidenced by a certificate of service filed with the clerk. If the unopened envelope sent first-class mail is returned as undelivered for any reason, the party or party's attorney shall file an amended certificate of service by such mailing shall not be considered obtained. Mere failure to claim return receipt delivery is not refusal is not refusal of service within the meaning of this subsection." (Emphasis added.)

## We Apply These Statutory Requirements to the Undisputed Facts

K.S.A. 60-304 makes clear that service on a foreign corporation must be directed to an officer, manager, partner, resident agent, managing agent, general agent (K.S.A. 60-304[e][1]), the person having charge of the business office (K.S.A. 60-304[e][2]), or the registered agent for service of process (K.S.A. 60-304[e][3]). K.S.A. 2008 Supp. 60-308(d) does not dilute these requirements in providing for service "to the party addressed." Here, Porter and Servpro did not direct their certified mail to any *person* whatsoever—both of their certified mail attempts were addressed to Wells Fargo generally at an office or a post office box address.

Porter and Servpro argue that there must have been someone in charge of the office that had been designated by Wells Fargo for contact about the insurance claim form, and the return receipt was indeed signed by a person. We are not persuaded that this procedure complies with the statutory requirements. Unless the return receipt voluntarily indicates that the person who received the package was the "person in charge of a business office" of the corporation, this cannot be deemed sufficient. As noted by Wells Fargo, the person who is sent to pick up mail at a corporate post office box address is rarely the person in charge of the business office. There has been no showing to the contrary here.

A panel of our court has recently addressed a nearly identical scenario in *Taylor v. Medicalodges, Inc.*, No. 102,539, unpublished opinion filed August 20, 2010, *rev. denied* 292 Kan. 969 (2011). In holding that service to the corporation's post office box address was insufficient, the panel noted that a certified letter to the corporation but not to any individual does not meet the requirements of the statute for valid service of process. We agree and embrace the panel's logic and outcome for application here.

Although "substantial compliance" with the statute was urged by Porter in oral argument, we do not find any indication in the record that this argument was preserved in the district court or in Porter's briefs on appeal. In any event, here we again agree with the panel in *Taylor*, which held that substantial compliance with service of process requirements under K.S.A. 60-204 was not met by serving a foreign corporation by certified mail addressed generally to the corporation at a post office box address. See also *Thompson-Kilgariff General Insurance Agency, Inc. v. Haskell*, 206 Kan. 465, 467-68, 479 P.2d 900 (1971); *Briscoe v. Getto*, 204 Kan. 254, 256-57, 462 P.2d 127 (1969); *Marshall v. Wendt*, No. 97,405, unpublished opinion filed November 30, 2007, *rev. denied* 286 Kan. 1178 (2008).

Porter also argues that a federal court has found service of this nature acceptable under Kansas law. He directs us to *Beck v. Atlantic Contracting Co., Inc.*, 157 F.R.D. 61 (D. Kan. 1994). In *Beck*, the summons was mailed to a Virginia business and accepted by a secretary at the business office. The summons, however, was clearly addressed to the business' registered agent. The federal district court determined that service was proper, noting that service by certified mail "must be addressed to 'the person to be served in accordance with K.S.A. 60-304,' but there is no requirement that the mail be delivered to that person." 157 F.R.D. at 62-64.

Porter is correct that the *Beck* court held that service by "certified mail accepted by an employee at the defendant's place of business is sufficient" under K.S.A. 60-304(e)(1). See 157 F.R.D. 63-64 (noting that "the certified mail was correctly addressed *to a person authorized* under K.S.A. 60-304 to accept service" [emphasis added], and that sending the mail to a named agent was valid

service). However, *Beck* is inapplicable here because the service in this case did not include the name of any "officer, manager, partner or a resident, managing or general agent," nor was it left at any business office with any "person having charge thereof," nor was it addressed to the registered agent in Kansas.

We recognize that Porter and Servpro were genuinely frustrated with the conduct of Wells Fargo, which apparently ignored repeated good-faith attempts to garner some corporate attention to the need for endorsement of the insurance check. We certainly do not condone Wells Fargo Bank's apparent disregard for civil conversation or correspondence to resolve the matter more expeditiously. At the same time, we cannot overlook the fact that service by certified mail on the registered agent for Wells Fargo in Topeka, Kansas, would have effectively vested the district court with unquestionable jurisdiction and perhaps have led to the expeditious resolution desired.

For the reasons outlined above, we must conclude that the district court never had personal jurisdiction over Wells Fargo Bank, N.A., and the judgment entered was void and must be vacated.

Vacated and remanded.