**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARK ANTHONY PALZER,

    Plaintiff - Appellant,

v.

COX OKLAHOMA TELECOM, LLC,
a Delaware corporation, CoxCom, Inc.,
CoxCom, LLC, Cox Communications,
LLC, or Cox Communications, or Cox
Communications Kansas, LLC,

    Defendant - Appellee.

No. 16-5021
(D.C. No. 4:15-CV-00564-GKF-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
_____

Mark Anthony Palzer appeals the district court's dismissal of his employment

discrimination suit for failure to timely obtain service. Exercising jurisdiction under

28 U.S.C. § 1291, we reverse.

After receiving his right-to-sue letter from the Equal Employment Opportunity

Commission, Mr. Palzer sought the services of attorney N. Kay Bridger-Riley, who

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

had recently suffered an accident that resulted in multiple broken bones.
Ms. Bridger-Riley filed a petition in state court on Mr. Palzer's behalf against his former employer, Cox Communications, on January 20, 2015.  Due to the suite of medications she was taking as a result of her accident, however, she neglected to effect service on any of the Cox entities named as defendants.  Because Ms. Bridger-Riley had previously resigned her admission to the Northern District of Oklahoma bar, she listed her former colleague Christopher Camp as counsel on the case as a contingency if the case was removed to federal court pursuant to an agreement between them.

On August 24, the state court issued a "Notice of Disposition Docket" in connection with this case pursuant to Okla. Stat. tit. 12, § 1083, indicating that the court would dismiss the case without prejudice "unless counsel appears and shows good cause why the case should be allowed to remain on the docket."  Aplt. App. at 65.  Mr. Camp received the notice but Ms. Bridger-Riley did not.  Mr. Camp forwarded the notice to Ms. Bridger-Riley, after which she sent the petition and summons to the defendants via certified mail.  Mr. Camp appeared before the state-court judge on September 10 and explained how Ms. Bridger-Riley's medical issues led to her failure to effect service.  The state court granted Mr. Palzer an additional 30 days to complete service.  Cox was served on September 14.

On October 2, Cox removed the action to federal court and moved to dismiss for failure to timely serve summons under Federal Rule of Civil Procedure 12(b)(5).  Mr. Palzer moved to strike the motion, arguing that the state court had already found

2

that good cause existed at the disposition docket hearing. The district court determined that the state court's decision to extend at the hearing "did not amount to an analysis of good cause under [Okla. Stat. tit. 12,] § 2004(I)." Aplt. App. at 67 (brackets and internal quotation marks omitted). Accordingly, the court ordered Mr. Palzer to file a brief stating his good cause so it could consider in the first instance whether he met his burden. Mr. Palzer did so, recounting Ms. Bridger-Riley's medical issues and how they obstructed her ability to timely serve the defendants. In a decision citing no legal authority, the district court concluded that Mr. Palzer failed to establish good cause for failure to timely serve because he "was represented during the entirety of the service period by at least one attorney who could have effectuated service," referring to Mr. Camp. Aplt. App. at 110–11. The court reasoned that, despite the agreement between Ms. Bridger-Riley and Mr. Camp, Mr. Palzer did "not explain why . . . Mr. Camp could not have effectuated service." Aplt. App. at 110.

We review the district court's dismissal of the case for failure of proper service, and consequently its determination of good cause, for an abuse of discretion. *See Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). "When we apply the 'abuse of discretion' standard, we defer to the trial court's judgment

3

because of its firsthand ability to view the witness or evidence and assess credibility and probative value." *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996) (internal quotation marks omitted).  Discretion "means a sound discretion, that is to say, a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (internal quotation marks omitted).

This case occurs at a curious intersection of state and federal law.  Where service is effected prior to removal to federal court, we look to state law to determine if service was perfected.  *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).  Section 2004 provides that, "[i]f service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed . . . without prejudice."  Okla. Stat. tit. 12, § 2004(I).  But when "process served *proves to be defective*," 28 U.S.C. § 1448 (emphasis added), our looking to state law "does not foreclose service being effected in the federal district court." *Wallace*, 596 F.3d at 706 (brackets and internal quotation marks omitted).  Here, though service was perfected prior to removal, the district court invalidated service in finding that Mr. Palzer did not establish good cause.  Federal Rule of Civil Procedure 4(m) thus gives "the plaintiff [90] days from the date defendant removes the case to federal court in which the imperfect or

4

defective service may be cured." *Id*. at 707 (internal quotation marks omitted). Accordingly, the district court abused its discretion in dismissing the suit instead of giving Mr. Palzer the opportunity to effect service under federal law.

We are further assured of our decision in light of the district court's manifest disregard for the state court's September 10 decision. To be sure, the district court may dissolve or alter prior state court orders after removal, *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 437 (1974), but we do not take lightly the notion that Cox can avoid this suit in federal court after the state court expressly allowed the case to proceed, whether its decision amounted to a good cause finding or not. Such a result is not "a just result," *see Rogers*, 502 F.3d at 1152, because it is inequitable as it is incompatible with our discouragement of forum-shopping, *see Hanna v. Plumer*, 380 U.S. 460, 468 (1965) (observing that "discouragement of forum-shopping" is one of "the twin aims of the Erie rule."). Any deference we owe the district court is lessened in situations such as this where there were no witnesses called and no credibility assessed. *See Brown*, 101 F.3d at 1331. To reach its decision without citation to any authority confirms for us that the district court "made a clear error of judgment [and] exceeded the bounds of permissible choice in the circumstances." *See Phelps*, 122 F.3d at 1324.

We therefore vacate the judgment of the district court and remand the case to the district court with instructions to allow Mr. Palzer 90 days to serve process in accordance with the dictates of 28 U.S.C. § 1448 and Rule 4(m).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge